■ MARVIN MORRIS et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 49513.) — Appeal, by the State from a judgment of the Court of Claims, awarding the claimants damages for the appropriation of a portion of their property for highway purposes. Claimants are the owners of a parcel of land located at the northeast corner of the intersection of Sunrise Highway and North Park Avenue in the Town of Islip, Suffolk County, with approximately 200 feet frontage on Sunrise Highway, which property was used for the sale and maintenance of new and used automobiles. Between the building and the highway before the appropriation there was a frontage of approximately 41 feet across the width of the property which was black topped and used for a parking area, the testimony being that there was room for approximately 80 cars. As a result of the appropriation for the entire width of the property, the taking reduced the property in front of the building to approximately eight feet. At the trial it was agreed that the best use of the property before the appropriation was for its original purpose of a new and used automobile business. As to the after value, it was found that the property was suitable for the same type of business, but there was a difference of opinion as to its availability for both a new and used automobile business. The record discloses that the before value ranged from $264,500 (State) to $375,800 (claimants). The court found such value to be $320,000, well within the range of the testimony. As to the after value, the range was from $239,300 (State) to $215,650 (claimants) and the court found the value to be $250,000, outside the range of the testimony. There are in essence two issues on this appeal. In arriving at just compensation, may the court take the before and after value in part from appraisals submitted by the opposing parties? The answer is "yes" as long as the result arrived at by the court is within the range of the testimony. If we were to follow the State's argument to a conclusion, on this record, that the after value as found by the court was without the range of the testimony, it would require a reduction thereof of approximately $10,000. As a consequence, the award to the claimants would be increased accordingly. However, the claimants have not appealed. A further examination of the record discloses as to "severance damages", the real issue on this appeal, that the State's testimony was to the effect that the damages were $14,300 while the claimants' testimony was in the amount of $134,571 and the court awarded $50,000, which was well within the framework of such damages. While the court did not explain or itemize the severance damages, it remains undisputed that the 200 feet frontage of the claimants' property on Sunrise Highway was reduced so that there remained in front of the building approximately eight feet, substantially reducing the availability of parking and other essentials

for the automobile business. Under the circumstances, the award in our opinion is fair and just and no useful purpose would be served in remitting for a new trial, and reducing the damages to the amount requested by the State would not constitute fair and reasonable compensation. Judgment affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.